The State, ex rel. Newcomer, *v.* Board of Education of Williams County School District.
The State, ex rel. Adsmond, *v.* Board of Education of Williams County School District.

(Decided April 18, 1938.)

*Messrs. Newcomer & Parker,* for relators.
*Mr. Lorin L. Hogue* and *Messrs. Knepper, White & Dempsey,* for respondents.

Carpenter, J. These are original actions in mandamus in this court. They involve the same questions and will, so far as this opinion is concerned, be treated as one.

On the afternoon of February 21, 1938, under authority of Section 4696, General Code, the relators filed separate petitions with the County Board of Education of Williams county, asking that certain territory in Center and in Pulaski Township Rural School Districts be transferred to the Village of Bryan School District, a district exempted from the county district. The relators claimed their petitions contained the sig-

natures of more than seventy-five per cent of the electors residing in the respective territories sought to be transferred. With these petitions there were filed certified copies of resolutions of the Board of Education of the village of Bryan indicating its willingness to accept the transfers of territory to it. On receipt of the petitions, the county board ordered "that a poll of the electors of the territory in each of the said petitions" be taken, and adjourned to February 26, 1938, at which meeting a committee for each of the two township districts was appointed to take the poll.

When the petitions were not granted by the county board instanter, the relators, in behalf of themselves and other petitioners, on the same afternoon, February 21, 1938, filed these actions and obtained alternative writs of mandamus.

At the next meeting of the county board, March 8, 1938, after receiving reports of the polls taken in the territories, and the withdrawal petitions of signers on relators' petitions, it found, among other things, that there were not left on the petitions valid signatures in number equal to seventy-five per cent of the resident electors of the respective territories, and rejected the petitions.

When this cause came on for hearing before this court, various reasons were urged by the county board why peremptory writs should not issue. Without deciding all of the questions thus raised, the court finds one of them well taken, to wit, that these actions were prematurely brought.

After the petitions in question had been filed with the county board, it had the right and the duty to determine the validity and sufficiency of them. To do this, some time for examination and investigation was necessary, and until it had such opportunity, the

board was not subject or liable to actions in mandamus.

For the reasons that these actions were prematurely brought, peremptory writs are denied.

*Writs denied.*

LLOYD and OVERMYER, JJ., concur.